IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-184-D

| | |
|---|---|
| ASARU ALIM TU'PAK EL-BEY and KHADIRAH MA'AT TU'PAK EL-BEY, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER J. MATTHEWS and CITY OF FAYETTEVILLE POLICE DEPT., <br><br> Defendants. | **ORDER** |

On April 6, 2012, Asaru Alim Tu'pak El-Bey ("Alim") and Khadirah Ma'at Tu'pak El-Bey ("Khadirah") (collectively "plaintiffs"), proceeding pro se, filed a complaint under 42 U.S.C. §§ 1983 and 1985 against the City of Fayetteville Police Department ("FPD") and Fayetteville police officer J. Matthews [D.E. 3], along with applications to proceed in forma pauperis [D.E. 1, 2]. On April 25, 2012, the court granted plaintiffs' applications and directed the U.S. Marshal to serve defendants with the complaint [D.E. 4], Compl. [D.E. 5]. On June 20, 2012, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [D.E. 11]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiffs about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 17]. On July 19, 2012, plaintiffs responded in opposition [D.E. 18].[1] On July 26, 2012, defendants filed a reply [D.E. 19]. As explained below, the court grants defendants' motion to dismiss.

---

[1] Plaintiffs attached to their response purported U.C.C. financing statements and other papers suggesting that they consider themselves exempt from paying taxes. These documents are irrelevant, and the argument is completely ridiculous. See, e.g., McCullough v. United States, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished) (collecting cases); McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 209–14 (D. Conn. 2010) (same).

I.

At approximately 8:45 p.m. on March 6, 2010, plaintiffs were passengers in a car driven by Hanibal Shabazz ("Shabazz"), when defendant Matthews, a Fayetteville police officer, initiated a traffic stop for a broken taillight. Compl. [D.E. 5] 10. Officer Matthews instructed Shabazz to turn off Sycamore Dairy Road into the parking area of the nearby ABC store. Id. Officer Matthews asked Shabazz for his driver's license and registration. Id. Shabazz produced his driver's license but could not find the registration. Id. Officer Matthews asked Shabazz where he and plaintiffs were headed, and Shabazz told him they were going to the ABC store. Id. Officer Matthews asked plaintiffs for their names, and they complied. Id. Officer Matthews returned to his police car with Shabazz's license. Id. 10–11.

After approximately thirteen minutes had elapsed, plaintiffs exited the car. Id. 11. Khadirah told Officer Matthews (who was in his police car) that she was going to the ABC store. Id. Officer Matthews told Khadirah and Alim to get back in the car, but Khadirah refused, and told Matthews "that her rights [were] not going to be violated." Id. Officer Matthews then got out of the police car and again instructed plaintiffs to get back in the car. Id. Officer Matthews again instructed Alim to get back in the car and attempted to block Khadirah from entering the ABC store. Id. Officer Matthews pulled out his taser. Id. Alim told Officer Matthews "you are not going to tase my wife." Id. Officer Matthews put his taser away and called for back-up. Id. Within seconds, two other police cars arrived and Officer Matthews and two other police officers "man handl[ed]" Khadirah, who "attempt[ed] to resist the unlawful arrest." Id. The officers "slam[med] her to the ground, breaking her glasses, hand[cuffed] her and put her in the back of Officer[] Matthews['s] squad car." Id. Officer Matthews then took her to the precinct where she "was unlawfully photographed, fingerprinted . . . and searched then brought before the [m]agistrate" who released her on an

2

unsecured bond. Id. 12. One of the additional officers then left, but the other back-up officer handcuffed Alim and told Shabazz to stand away from the car while he searched the car. Id. 11–12. The officer then patted down Alim and "t[ook] his wallet for identification purposes allegedly." Id. 12. The officer removed Alim's handcuffs after approximately fifteen minutes. Id. Plaintiffs assert claims under 42 U.S.C. § 1983 for violations of their "1st, 4th, 5th, 9th, 14th Amendment" rights and a claim of a civil conspiracy in violation of 42 U.S.C. § 1985(3), and they seek "$144,000 for the various federal violations." Id. 1, 3.

II.

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court first addresses defendant FPD's argument that it is not a "person" subject to suit. "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips, 572 F.3d at 180. Police departments do not have the legal capacity to be sued. See Cooper v. Brunswick Cnty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases), report and recommendation adopted by 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished). Thus, the claims against the FPD fail.

In opposition to this conclusion, plaintiffs assert that "the 'Bouvier's Law Dictionary'" defines the FPD as "a person in the eyes of the law, but it lacks character, no morals, no conscience." Pls.' Surreply Opp'n Mot. Dismiss [D.E. 20] 1 (emphases omitted). Plaintiffs' argument is silly. Moreover, to the extent plaintiffs seek damages from the FPD because it is "directed and supervised by the State," the Eleventh Amendment bars their claim. Quern v. Jordan, 440 U.S. 332, 337 (1979); see Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 430 (1997); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). Furthermore, the doctrine of respondeat superior generally does not apply to a section 1983 claim. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, the court dismisses plaintiffs' claims against FPD.

Next, the court addresses plaintiffs' conspiracy claim pursuant to 42 U.S.C. § 1985(3). To state a civil conspiracy claim, plaintiffs must allege "that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiffs'] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore fail to state a claim. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Plaintiffs fail to plausibly allege a "meeting of the minds" between any of the named

4

defendants to violate their constitutional rights. Cf. Iqbal, 556 U.S. at 677–84. Thus, plaintiffs fail to state a claim under section 1985(3).

As for plaintiffs' First Amendment claims, the complaint lacks any allegation that Officer Matthews prevented or restricted Alim from exercising any First Amendment right. As for Khadirah, the complaint makes clear that Officer Matthews arrested her for interfering with the traffic stop and for disregarding his instructions rather than for exercising any First Amendment right. See, e.g., Colten v. Kentucky, 407 U.S. 104, 109–10 (1972); Young v. Cnty. of L.A., 655 F.3d 1156, 1170 (9th Cir. 2011); King v. Ambs, 519 F.3d 607, 613 (6th Cir. 2008)); Douglas v. Swing, No. 1:10-cv-14-HJW, 2011 WL 3497292, at *9 (S.D. Ohio Aug. 10, 2011) (unpublished). Thus, the court dismisses plaintiffs' First Amendment claim.

Next, the court addresses plaintiffs' Fifth and Ninth Amendment claims. Plaintiffs allege violations of their due process rights under the Fifth Amendment, but such a claim would be properly pleaded under the Fourteenth Amendment because the Fifth Amendment only applies to actions by the federal government and its agents. See, e.g., United States v. Al-Hamdi, 356 F.3d 564, 573 n.11 (4th Cir. 2004). Plaintiffs' complaint lacks any allegation that Officer Matthews is an agent of the federal government. Thus, the court dismisses plaintiffs' Fifth Amendment claim. As for plaintiffs' Ninth Amendment claim, the Ninth Amendment confers no substantive rights enforceable under section 1983. See, e.g., Jenkins v. Comm'r, 483 F.3d 90, 92 (2d Cir. 2007); Vega-Rodriguez v. P.R. Tel. Co., 110 F.3d 174, 182 (1st Cir. 1997); Gibson v. Matthews, 926 F.2d 532, 537 (6th Cir. 1991). Thus, the court dismisses this claim.

Next, the court the court addresses plaintiffs' claims of excessive force, illegal search and seizure, and false arrest or imprisonment, which were pleaded as violations of plaintiffs' due process rights under the Fourteenth Amendment. The court agrees with Matthews that these claims are

5

properly analyzed under the Fourth Amendment rather than the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 (1989); Swagler v. Neighoff, 398 F. App'x 872, 879–80 (4th Cir. 2010) (per curiam) (unpublished); see also United States v. Arvizu, 534 U.S. 266, 273 (2002); Whren v. United States, 517 U.S. 806, 809–10 (1996); United States v. Digiovanni, 650 F.3d 498, 506 (4th Cir. 2011). On these claims, to the extent plaintiffs sue him in his individual capacity, Matthews asserts qualified immunity.[2] Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012); Pearson v. Callahan, 555 U.S. 223, 231–32 (2009). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986); see Reichle, 132 S. Ct. at 2093; Messerschmidt v. Millender, 132 S. Ct. 1235, 1244–45 (2012); Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011); Pearson, 555 U.S. at 231–32.

The court must ask two questions to determine whether qualified immunity applies. See, e.g., Reichle, 132 S. Ct. at 2093; Pearson, 555 U.S. at 232; Evans v. Chalmers, No. 11-1436, 2012 WL 6554846, at *5 (4th Cir. Dec. 17, 2012); Doe ex rel. Johnson v. S.C. Dep't of Soc. Servs., 597 F.3d 163, 169 (4th Cir. 2010); Unus v. Kane, 565 F.3d 103, 123 n.24 (4th Cir. 2009); Miller v. Prince George's Cnty., 475 F.3d 621, 626–27 (4th Cir. 2007); Bostic v. Rodriguez, 667 F. Supp. 2d

---

[2] It is unclear whether plaintiffs have named Matthews in his individual or his official capacity. See Mem. Supp. Mot. Dismiss 15. Plaintiffs' response in opposition to the motion suggests that they intend to name Matthews only in his individual capacity. See, e.g., Pls.' Resp. Opp'n Mot. Dismiss 5. In any event, plaintiffs have failed to state any official-capacity claim against Matthews. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

6

591, 605–06 (E.D.N.C. 2009). The court decides which question to address first. Pearson, 555 U.S. at 236; see Reichle, 132 S. Ct. at 2093; al-Kidd, 131 S. Ct. at 2080. The court must determine "whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." Pearson, 555 U.S. at 232. The court also must determine "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. (quotation omitted). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, [t]he contours of [a] right [are] sufficiently clear that every reasonable official would have understood that what he is doing violates that right." al-Kidd, 131 S. Ct. at 2083 (alterations in original) (quotations omitted); see Reichle, 132 S. Ct. at 2093; Anderson v. Creighton, 483 U.S. 635, 640 (1987). The United States Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." al-Kidd, 131 S. Ct. at 2083; see Reichle, 132 S. Ct. at 2093. Matthews is entitled to qualified immunity if the answer to either question is "no." See, e.g., al-Kidd, 131 S. Ct. at 2080; Miller, 475 F.3d at 627; Bostic, 667 F. Supp. 2d at 606.

Viewed in the light most favorable to plaintiffs, their complaint fails to state a constitutional violation. See, e.g., Reichle, 132 S. Ct. at 2093; Arizona v. Johnson, 555 U.S. 323, 333–34 (2009); Virginia v. Moore, 553 U.S. 164, 176–77 (2008); Maryland v. Wilson, 519 U.S. 408, 413–15 (1997); Graham, 490 U.S. at 395–96; United States v. Mubdi, 691 F.3d 334, 343 (4th Cir. 2012); Young, 655 F.3d at 1169; United States v. Hampton, 628 F.3d 654, 656, 658 (4th Cir. 2010). Alternatively, "existing precedent" did not place the "constitutional question beyond debate." al-Kidd, 131 S. Ct. at 2083. Accordingly, Matthews is entitled to qualified immunity. Thus, the court dismisses plaintiffs' Fourth Amendment claims against Matthews.

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 11] and DISMISSES the complaint.

SO ORDERED. This 10 day of January 2013.

JAMES C. DEVER III
Chief United States District Judge